service upon him of a notice of such leasing in which to redeem his property therefrom upon the payment of the tax and 10 per cent. interest. Under the general village act, upon the sale of property upon an execution issued upon a judgment rendered for any tax or assessment, the owner is given the same right of redemption as exists upon the ordinary sale of real estate under an execution. Thus, in the former case, the defendant would have had 30 days after notice in which to redeem her property from the lease made by the president of the plaintiff. In the latter case, she would have had one year from the time of the sale in which to redeem. These rights of redemption are substantial, and the plaintiff is not entitled to maintain an action that would in any way limit or deprive her of such rights. These considerations lead us to the conclusion that the interlocutory judgment herein should be reversed. Interlocutory judgment sustaining the plaintiff's demurrer reversed, with costs, and interlocutory judgment overruling such demurrer granted, with costs of the demurrer to the defendant, and leave granted to amend the complaint upon payment of the costs of the demurrer and the appeal. All concur.

---

(31 Abb. N. C. 256.)

OELBERMAN v. NEW YORK & N. R. CO. et al.

(Supreme Court, Special Term, New York County. April, 1894.)

PLEADING—AMENDED AND SUPPLEMENTAL COMPLAINT.
    Leave will not be granted to serve a proposed "amended and supplemental complaint," as a supplemental complaint and an amended complaint are distinct pleadings.

Action by one Emil Oelberman against the New York & Northern Railroad Company and others. Plaintiff moved for leave to serve a paper called a proposed "amended and supplemental complaint," and also to amend the summons. Denied.

For appeal from order denying injunction, see 29 N. Y. Supp. 545.

Simon Sterne, for the motion.

Simpson, Thacher & Barnum and Frank Loomis, opposed.

INGRAHAM, J. This is a motion made by the plaintiff to serve a paper annexed to the moving papers, which is called a proposed "amended and supplemental complaint;" also to amend the summons by making the New York & Putnam Railroad a party defendant. There is no such pleading known to the Code as an "amended and supplemental complaint." The original complaint in this action having been demurred to, and the demurrer sustained (27 N. Y. Supp. 945), the plaintiff, in accordance with the leave granted by the interlocutory judgment, served an amended complaint, and that complaint now stands as the complaint in this action. If the plaintiff desires to serve a supplemental complaint under the provisions of section 544 of the Code, such a supplemental complaint must be prepared as distinct from the amended complaint as it now stands as the complaint in this action, as supplemental thereto, but there is no provision authorizing the court to allow

allegations, by way of an amendment to the complaint, of facts that happened after the commencement of the action. It will produce great confusion to approve of such a practice as allowing the service of a pleading in which is contained the facts relied on to give a cause of action, and also contains the allegation of the facts which have arisen since the commencement of the action, and which are supplementary to those alleged in the complaint as effecting the ultimate relief to be given. I think, therefore, this motion should be denied, with $10 costs to abide the event, with leave, however, to the plaintiff to make a motion for leave to serve a supplemental complaint as a distinct pleading, which shall allege the facts that he considers material which occurred after his former pleading, or of which he was ignorant when it was made. Order to be settled on notice.